UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAUL BRYANT FAUST                                                  PLAINTIFF

v.                                       CIVIL ACTION NO. 3:15-CV-344-CRS

COMMONWEALTH OF KENTUCKY, et al.                     DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on motion to dismiss filed by defendants the Commonwealth of Kentucky and Jack Conway (DN 4).

The complaint herein was filed *pro se* as a § 1983/ *Bivens* civil rights action, utilizing the court's standardized form provided for *pro se* prisoners. It appears that the plaintiff, Paul Bryan Faust, is no longer incarcerated.

Faust names Jack Conway, Attorney General of the Commonwealth of Kentucky, in his individual and official capacity, as the only defendant (DN 1, p. 2). He identifies the Commonwealth of Kentucky in the caption of his suit. (DN 1, p. 1).

Faust recites that he was incarcerated in 2006 and in late 2008-early 2009. He states that in 2008, he was held in solitary confinement for several months in "Louisville Metro Corrections" under inhumane conditions. Specifically, he alleges that he was continually subjected to cold that amounted to torture. He alleges that he was again subjected to "cold cell treatment" in the Simpson County Jail and at some unidentified location in late 2008-early 2009.

He claims that he also witnessed this "cold cell treatment" inflicted upon other prisoners while he was acting as a grievance aide at "Northpoint." DN 1, p. 4. He urges that this practice must be stopped. DN 1, p. 5. Faust seeks an award of damages in the sum of $10M, punitive damages in the sum of $100M, injunctive relief ordering that the practice cease statewide and implementing safeguards, and education of the public about these occurrences. (DN 1, p. 6).

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The complaint does not allege that Attorney General Conway has performed any act related to Faust, even affording leniency to Faust as a *pro se* litigant.[1] Thus the complaint wholly fails to state any claim against Conway upon which relief can be granted.

In any event, Conway is immune from suit in his individual capacity under the doctrine of qualified immunity which protects him from damages for a public officer's negligence in the performance of discretionary acts or functions in good faith within the scope of that public officer's authority. *Bolin v. Davis*, 283 S.W.3d 752, 757-58 (Ky.App. 2008).

---

[1] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

42 U.S.C. § 1983 authorizes suit against any any person who, under color of any state statute deprives any citizen of rights, privileges, or immunities secured by the Constitution and laws. However, suit against the Commonwealth of Kentucky, and, by extension, against Conway in his official capacity,[2] is barred by the doctrine of sovereign immunity, as "[n]either a State not its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). Further, although "official-capacity actions for prospective relief are not treated as actions against the State, " *Will*, 491 U.S. at 71, n. 10 (*quoting Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985)), any such claim by Faust is moot, due to his release from confinement. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Faust would derive no benefit from the relief requested, and he lacks standing to vicariously assert the rights of others herein. *See, Fore v. Godwin*, 407 F.Supp 1145, 1147 (E.D.Va. 1976). (plaintiffs' claims moot where no longer subject to conditions of which they complaint; plaintiffs no longer residing in facility, issue may be properly litigated by persons presently subjected to the conditions).

Finally, we note that the statute of limitations for § 1983 actions in Kentucky is one year. *Bonner v. Perry*, 564 F.3d 424 (6th Cir. 2009), *citing Collard v. Kentucky Bd. Of Nursing*, 896 F.2d 179 (6th Cir. 1990). As the last event date recited by Faust was late 2008-early 2009, when he was allegedly subjected to "cold cell treatment" during his incarceration, his claims are time-barred. To the extent that he alleges any other time frame during which an event allegedly occurred, such as his purported witness of "cold cell treatment" while acting as a grievance aide at "Northpoint," such allegation fails to state a claim upon which relief may be granted under the *Twombly/Iqbal* standard requiring sufficient facts to state a plausible claim. Faust alleges only

---

[2] A public officer in Kentucky sued in his official capacity is afforded the same immunity as the governmental entity for which he acts. *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001).

that he was an observer of such conditions at "Northpoint," not that he was subjected to them. Further, he does not say when this occurred nor has he named a "person" subject to suit under § 1983.

Therefore, for the reasons stated herein, the court will grant the motion of the Commonwealth of Kentucky and Jack Conway, and dismiss the action.  A separate order will be entered this date in accordance with this opinion.

October 28, 2015

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Plaintiff, pro se
     Counsel of Record